UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL PUGH,<br><br>       Plaintiff,<br><br>   v.<br><br>S. SIORDIA,<br><br>       Defendant. | Case No. 24-cv-08260-TLT<br><br>**ORDER VACATING JUDGMENT AND REOPENING CASE, OF SERVICE** |

Plaintiff, a state prisoner incarcerated at Correctional Training Facility (CTF), has filed a *pro se* civil rights action in which he alleges violations of his constitutional rights. The Court previously dismissed plaintiff's action for failing to file an application to proceed *in forma pauperis* (IFP). Dkt. No. 3. Plaintiff subsequently filed an IFP application, which will be granted by separate order. Dkt. No. 5. Plaintiff also filed an amended complaint. Dkt. No. 6. The Court will vacate the prior judgment (Dkt. No. 4), reopen the case, and order service of the amended complaint on defendant.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges as follows: defendant Siordia, a CTF correctional officer, treated plaintiff and other Black prisoners worse than non-Black prisoners by using derogatory language towards them, stating that Black prisoners keep too much property in their cells, searching their cells, ordering "a pre-transfer trans-pack R & R out going property list in G-Wing," and requiring them to move to another building. He also removed plaintiff from his assigned job in retaliation for plaintiff calling him racist and pointing out that he was treating Black prisoners differently from non-Black prisoners, ordered plaintiff to move on June 19, 2024 because he was writing 602s, and filed a false report on June 26, 2024 that plaintiff refused to accept housing.

Liberally construed, plaintiff has stated claims against defendant for violating his First Amendment right to be free from retaliation, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005), and his Fourteenth Amendment right to equal protection. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). He has also stated a cognizable claim for violation of California's Bane Act. *See Reese v. Cnty. of Sacramento*, 888

2

1    F.3d 1030, 1040-41 (9th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall vacate the prior judgment and reopen the case.

2. The Court orders that service on the following defendant shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Correctional Officer Salvador Siordia

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 6), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the Court, on behalf of

1  plaintiff, to waive service of the summons, fails to do so, they will be required to bear the cost of
2  such service unless good cause can be shown for their failure to sign and return the waiver form. If
3  service is waived, this action will proceed as if defendant had been served on the date that the
4  waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve
5  and file an answer before sixty days from the date on which the request for waiver was sent. (This
6  allows a longer time to respond than would be required if formal service of summons is
7  necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that
8  more completely describes the duties of the parties with regard to waiver of service of the
9  summons. If service is waived after the date provided in the Notice but before defendant has been
10 personally served, the Answer shall be due sixty days from the date on which the request for
11 waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

12      4.      Defendant shall answer or otherwise respond to the complaint within 21 days. The
13 following briefing schedule shall govern dispositive motions in this action:

14          a. If the defendant intends to file a motion for summary judgment or other
15 dispositive motion, they must do so no later than fifty-six days from the date of service. If the
16 defendant files a motion for summary judgment, it shall be supported by adequate factual
17 documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the
18 defendant believes this case cannot be resolved by summary judgment, they shall so inform the
19 court prior to the date the summary judgment motion is due. All papers filed with the court shall
20 be promptly served on plaintiff.

21      At the time the dispositive motion is served, the defendant will also serve, on a separate
22 paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
23 Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods
24 v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the
25 time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier);
26 *Rand* at 960 (separate paper requirement).

27          b. Plaintiff's opposition to the motion for summary judgment or other dispositive
28 motion shall be filed with the Court and served on the defendant no later than twenty-eight days

4

after the date on which the defendant's motion is filed.

Before filing their opposition, plaintiff is advised to read the notice that will be provided by the defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because plaintiff bears the burden of proving their allegations in this case, they must be prepared to produce evidence in support of those allegations when they file their opposition to the defendant's summary judgment motion. Such evidence may include sworn declarations from plaintiff and other witnesses, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of the complaint.

    c.  The defendant shall file a reply brief no later than fourteen days after the date plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

6.  All communications by plaintiff with the Court must be served on defendant or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: September 3, 2025

_____
TRINA L. THOMPSON
United States District Judge